McKinney, J.,
delivered the opinion of the court.
This is an action of trover, to recover damages for the conversion of a slave named Ames, claimed to have been the property of the plaintiffs. The plaintiffs failed to recover in the court below, and have prosecuted an appeal in error to this court.
Both parties claim title derived from Lemuel Creed, (the father of the plaintiffs,) who died several years ago in the State of Kentucky, of which State he was a resident.
The defendant claims the slave by purchase from the personal representative of said Lemuel Creed; the plaintiffs claim by purchase from William Conley, evidenced by a conveyance bearing date 7th May, 1832, executed by said Conley, to whom, as they allege, said Lemuel Creed, in his lifetime, sold said slave.
The plaintiffs, on the trial of the cause, established the fact of a sale of said slave by Lemuel Creed to said Conley, by oral evidence; but in the future progress of the trial it was made to appear that the sale was evidenced by a conveyance *550 or bill of sale, in writing, executed by the former to the latter at the time of the transaction; which bill of sale, it appears, the defendant took from the possession of Conley, and retained the same.
After the examination had closed, and the argument of the cause had been commenced, the defendant’s counsel, for the first time, objected to the oral evidence of the sale by Lemuel Creed to Conley, and moved that it be withdrawn from the jury and rejected, on the ground that no foundation had been laid for the introduction of secondary evidence of said sale, which motion was sustained by the court, and the evidence was excluded. Upon these facts, the only question material to be considered, arises.-
The counsel of both parties agree, that by the law of Kentucky, where all the parties resided,: and where the sale was made, a verbal sale of slaves was valid; and that a bill of sale, or other written evidence, was not required to pass the title from the vendor to the purchaser.
1st. Assuming this to be the law of the place where the contract of sale was made, and by which its validity must be determined here, the counsel for the plaintiffs insists, in the first place, that it was competent to establish, by parol evidence, the sale of the slave by Creed to Conley, notwithstanding the contract of sale was reduced to writing at the time, because, as is argued, the law not requiring that the sale should be evidenced by any written instrument, a verbal sale is of equal validity, and, in all respects, on equal footing with a sale made in writing, and that, although in writing, the parol evidence, in such case, is of equal grade with the written evidence of the contract; and that, therefore, the case does not fall within the principle of the rule which requires that the best attainable evidence shall be adduced, and excludes secondary evidence until the absence of the primary is sufficiently accounted for; that the parol evidence is ad *551 missible, not to prove the contents of the writing, nor as a substitute for it, but as independent evidence of the contract, not inferior in degree, nor less competent than the written evidence.
This reasoning, however plausible, cannot be maintained. The reason of the law, and the current of authorities, concur in excluding the substitution of oral evidence, not only for any instrument required by law to be in writing, but also for the written evidence of any contract which, by the private compact or agreement of the parties, has been put in writing; neither can it be substituted for any writing, the existence of which is disputed, and which is material to the issue between the parties.
This rule of course does not apply where the writing is collateral to the question in issue, orto the fact to be established. But where the writing, by the express or tacit agreement of the parties, is constituted the appropriate and authentic evi-. deuce and repository of their contract, it possesses in law a force and authority superior to any other evidence. The writing, in such case, cannot be considered as collateral, but as of the very essence of the transaction, and as the ultimate fact to be established, and secondary evidence cannot be resorted to without excusing the non-production of such writing. See 1 Stark, on Ev. 393. 1 Greenl. on Ev. sec. 85, et seq.
The true sense of the rule is, not that the highest possible evidence, or all the evidence, of the matter in issue shall be required; but that no inferior evidence shall be admitted, where from the nature of the case, or the facts disclosed, there remains higher evidence in the possession or power of the party. To have entitled the plaintiffs to resort to secondary evidence in the present case, it was incumbent on them first to show the writing to be in the hands of the adverse party, *552 who refused to produce it, although he had received proper notice to do so.
2d. But it is argued, that the failure of the defendant to object to the oral evidence before the examination closed, and the cause was submitted to the jury, was a waiver of the objection ; and, therefore, it was error in the court to entertain the motion and reject the evidence after the argument of the cause had commenced. We do not think so. We have held, and such is now the settled law of this court, that the party to be prejudiced by the admission of illegal testimony, not objected to when offered, may insist upon the exclusion of such evidence from the jury, at any time before their retirement from the bar, unless there has been an explicit waiver of the objection to the evidence. See Price vs. Alien, 9 Hum. R. 711.
This question being decisive of the case, it is not necessary to notice the other questions discussed at the bar.
The judgment will be affirmed.